

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRENDA JOYCE FRANKLIN (BOP #57659-180 and former TDCJ No. 835060[1]) | § § § § | |
| VS. | § § | CIVIL ACTION NO.4:15-CV-750-A |
| JODY UPTON, Warden, FMC-Carswell, et al. | § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER
(With special instructions to the Clerk of Court)

In this case, Bureau of Prisons inmate/plaintiff Brenda Joyce Franklin filed a new civil case accompanied by a motion for leave to proceed in forma pauperis. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b). The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Brenda Joyce Franklin is the plaintiff. She has named as defendants Jody Upton and Mr. Gaine.

C. LEGAL ANALYSIS

Although plaintiff Franklin has filed a motion for leave to proceed in forma pauperis, Court records reveal, as a result of

---

[1] Plaintiff has also filed suits in federal court while in the Texas Department of Criminal Justice under ID # 835060. The Clerk of Court is directed to add this information on the docket.

previously filing suits with claims deemed frivolous or for failure to state a claim upon which relief may be granted, she is barred from proceeding under 28 U.S.C. § 1915 in any civil action or appeal filed while he is incarcerated or detained unless she is under imminent danger of serious physical injury.[2] Franklin obtained the qualifying dismissals in the United States District Court for the Western District of Texas and the United States District Court for the Southern District of Texas. Those dismissals include: *Franklin v. Cosper,* No.4:07-CV-2227 (S.D. Tex. July 25, 2007); *Franklin v. Moya,* No.6:04-CV-201 (W.D. Tex. Aug. 22, 2005); *Franklin v. Kellerman,* No.6:03-CV-295 (W.D. Tex. Dec. 4, 2003). These "strikes" were already the basis for dismissal of another recently filed case by Franklin. *See Franklin v. Thaler,* No.W-12-CA-321 (W.D. Tex. Nov. 30, 2012 Order Denying IFP motion under 28 U.S.C. 1915(g)).

Because Brenda Franklin has three qualifying dismissals under 28 U.S.C. 1915(g), she may not proceed without the prepayment of fees unless she shows that she is subject to imminent danger of serious physical injury. But Franklin has not set forth grounds for leave to file in compliance with 28 U.S.C. § 1915(g); that is, Franklin does not claim that she is "under imminent danger of

---

[2] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

2

serious physical injury." Thus, the undersigned finds that Brenda Joyce Franklin is not entitled to proceed *in forma pauperis* in this action and, if she wishes to proceed with this suit, she must pay a full filing fee.

## RECOMMENDATION

It is therefore RECOMMENDED that Brenda Joyce Franklin's (BOP No.57659-180/ TDCJ No. 835060) should not be allowed to proceed in forma pauperis in this action and that the motion to proceed in forma pauperis be DENIED by the district judge. It is further RECOMMENDED that the district judge inform plaintiff Franklin that her complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless she pays to the clerk of Court the filing and administrative fees of $400.00[3] within seven (7) days after the district judge's order.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written

---

[3] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

3

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 30, 2015. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until October 30, 2015 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

4

SIGNED October 9, 2015.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5